IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ORTHELLA HOPE | § | |
| VS. | § | CIVIL ACTION NO. 1:06cv591 |
| ANNABELLE H. BOLING, ET AL. | § | |

## MEMORANDUM OPINION

Plaintiff Orthella Hope, an inmate confined in the Jefferson County Correctional Facility, proceeding *pro se*, brings civil rights action pursuant to 42 U.S.C. § 1983 against Annabelle H. Boling, Anthony Pacella, and Ella Mae Chisum.

## Discussion

Plaintiff brings this action alleging he was denied due process concerning the revocation of his release on parole following his failure to register as a sex offender.

Plaintiff did not submit the filing fee for the action. Therefore, the court interprets plaintiff's actions as seeking to proceed *in forma pauperis* in this action.

## Analysis

On April 26, 1996, the president signed into law the Prison Litigation Reform Act. Pub.L. No. 104-134, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g), which was created by the Act, prohibits prisoners from repeatedly filing frivolous or malicious complaints. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that

was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

At least three of plaintiff's prior suits or appeals have been dismissed as frivolous or for failure to state a claim.[1] As a result, Section 1915(g) is applicable.

As set forth above, plaintiff has had at least three prior lawsuits dismissed as frivolous, malicious, and for failure to state a claim upon which relief may be granted. The allegations set forth in plaintiff's complaint do not demonstrate that he is in "imminent danger of serous physical injury." Section 1915(g) therefore bars plaintiff from proceeding further with this lawsuit on an *in forma pauperis* basis.

## Conclusion

For the reasons set forth above, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). An appropriate final judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this the 3 day of **October, 2006.**

_____
Thad Heartfield
United States District Judge

---

[1] *See Hope v. Jones*, Civil Action No. 1:04cv462 (E.D. Tex. Aug. 17, 2005) (dismissed as frivolous and for failure to state a claim); *Hope v. Board of Pardons and Paroles*, Civil Action No. 1:06cv175 (E.D. Tex. May 9, 2006) (dismissed as frivolous and for failure to state a claim); and *Hope v. Owens*, Civil Action No. 1:06cv218 (E.D. Tex. June 16, 2006) (dismissed as frivolous and for failure to state a claim).